PER CURIAM.
Robert Lamont Fox, defendant, filed a motion for post-conviction relief on June 4, 1999. The motion was facially insufficient in that it was not notarized.
Having apparently realized that his motion was deficient, on June 7, 1999, defendant filed a motion to voluntarily dismiss his motion, without prejudice to re-file. On June 12, 1999, the trial court granted this motion and dismissed the motion for post-conviction relief.
Apparently unaware of the trial court’s ruling dismissing the motion, on August 23, 1999, the state field a response to the merits of the defendant’s post-conviction relief motion. The trial court, apparently not remembering that it had dismissed the motion, denied same on its merits.
On September 3, 1999, defendant filed a motion for rehearing arguing that the trial court erred by denying his motion on the merits as it had already been dismissed without prejudice to re-file a properly sworn motion.
The state concedes, and we agree, that the trial court lacked jurisdiction to rule on the merits of the defendant’s motion for post-conviction relief as same had been previously dismissed. Accordingly, the lower court’s ruling denying the defendant’s motion for post-conviction relief is reversed.
Within the time limitations provided by Florida Rule of Criminal Procedure 3.850(b), defendant may re-file his motion for post-conviction relief as provided in the trial court’s order dismissing his original filing.
Reversed and remanded for further proceedings.